United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10633
Summary Calendar

BILLY N. STEVENSON,

                              Plaintiff-Counter Defendant-
                              Appellant,

versus

DON ANDERSON, Sheriff; NFN SNEED, Lieutenant;
NFN LYNN, Medical Officer

                              Defendants-Counter Claimants-
                              Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2157-N
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Billy N. Stevenson, a former inmate at the Hunt County Jail, appeals the district court's dismissal of his civil rights complaint wherein he alleged that he was injured and denied adequate medical treatment after he fell in standing water in the jail shower. The district court granted the defendants' motion for summary judgment, concluding that Stevenson had failed to respond to the motion with competent evidence of causation.

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stevenson asserts that the district court did not inform him of the "date the trial was to be held, therefore the lawyers of the defendants mailed the information to my mothers address, but was well aware of my whereabouts." Insofar as Stevenson is complaining about not receiving notice of the proposed trial, his argument is frivolous because a trial was never held. Insofar as Stevenson is contending that he did not receive notice of the motion for summary judgment, we reject such contention because the record shows that the motion for summary judgment was mailed to Stevenson at his last known address. See FED. R. CIV. P. 5(b); New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996).

Although he recounts that his hip is swollen and his feet "were swollen from the back up of sludge into the shower," Stevenson makes no argument challenging the district court's determination that he failed to respond with evidence of causation. Accordingly, Stevenson has waived any such argument. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

AFFIRMED.